# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DANIEL MCMAHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CV-1154 CAS |
| ) | |
| FRANKLIN COUNTY SHERIFF'S ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Daniel McMahan, an inmate at Franklin County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.33. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Discussion

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C.

§1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $16.67, and an average monthly balance of $0.09. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.33, which is 20 percent of plaintiff's average monthly deposit.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are the Franklin County Sheriff's Department, Franklin County Jail, Gary Toelke (Sheriff, Franklin County), Unknown Floyd (Sergeant, Franklin County Jail), Unknown

Boehm (Chief of Custody, Franklin County Jail), and the Clerk of the Civil Court for Franklin County. Plaintiff seeks injunctive and monetary relief.

Plaintiff alleges that mail sent by the United States Court of Appeals for the Eighth Circuit to plaintiff was opened by prison staff outside his presence on two separate occasions. On both occasions, plaintiff says, prison staff apologized to plaintiff for the fact that the mail had been opened.

Plaintiff filed a grievance, which he attached to the complaint. Defendant Boehm responded to plaintiff's grievance and explained that the mail had been opened by a new employee and that the new employee would receive additional training regarding opening incoming mail. Plaintiff did not appeal from Boehm's explanation; he signified that he accepted the result and signed the grievance.

It is clear from the grievance form that plaintiff attached to the complaint that he has not exhausted his available administrative remedies. As a result, the complaint is subject to dismissal pursuant to 42 U.S.C. § 1997e(a). However, the Court is permitted to review the complaint and dismiss it as frivolous, malicious, or for failure to state a claim upon which relief can be granted irrespective of whether plaintiff has exhausted his available remedies. 42 U.S.C. § 1997e(c)(2). The Court has reviewed the complaint and will dismiss it for failure to state a claim upon which relief can be granted.

The constitution requires that privileged "legal mail," e.g., mail from attorneys to inmates, must be opened in the presence of the prisoner. E.g., Harrod v. Halford, 773 F.3d 234, 235 (8th Cir. 1985) cert. denied, 476 U.S. 1143 (1986). However, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). This is because, "with minute and irrelevant exceptions all correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." Martin v.

Brewer, 830 F.2d 76, 78 (7th Cir. 1987) (Posner, J.). Because plaintiff only alleges that prison staff opened documents sent by the Court of Appeals, he has failed to state a claim for unconstitutional opening of his legal mail. As a result, this case should be dismissed pursuant to 42 U.S.C. § 1997e(c)(2).

Even if the mail in issue is protected "legal mail," plaintiff's claim would still fail. The United States Court of Appeals for the Eighth Circuit has held that an "isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a constitutional violation." Gardner v. Howard, 109 F. 3d 427, 430-31(8th Cir. 1997). The Court finds that plaintiff's allegations that on two occasions prison staff inadvertently opened mail addressed to him from the Court of Appeals are not sufficient to state a claim under the Constitution. Consequently, this case shall be dismissed prior to service of process.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $3.33 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

	*/s/ Charles A. Shaw*
	**CHARLES A. SHAW**
	**UNITED STATES DISTRICT JUDGE**

Dated this 15th day of August, 2007.